UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL PHIFER,

        Plaintiff,

v.                                                                                          Case No. 1:05-cv-422

GUIDING LIGHT MISSION, GUIDING                      Hon. Wendell A. Miles
LIGHT MISSION BOARD OF DIRECTORS,
CHICO DANIELS and VANESSA DANIELS,

        Defendants.
_____/

OPINION AND ORDER

Plaintiff, Cheryl Phifer, filed this action without benefit of counsel under Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. § 2000e. This matter is presently before the Court on Defendants' 12(b) Motion to Dismiss (Dkt. #8). Plaintiff has responded in opposition to the motion. For the following reasons, the Court will grant Defendants' motion.

Background

The Guiding Light Mission ("GLM") is a faith based, non-profit Michigan corporation that operates a shelter for indigent homeless men in Grand Rapids, Michigan. Defendant Chico Daniels ("Mr. Daniels") is a minister and executive director of GLM. Defendant Vanessa Daniels ("Mrs. Daniels") is Mr. Daniels' wife and is employed by GLM as the office administrator. Cheryl Phifer ("Plaintiff") was employed as an administrative assistant by GLM from November 2002 to August 2004.

Plaintiff alleges that during the course of her employment she was subjected to unwanted touching, stalking, and inappropriate comments by Mr. Daniels.  During and after business hours, Plaintiff "witnessed [] clients about their dreams relating to development of personal prayer life." On July 31, 2002, Plaintiff was disciplined for this activity by her supervisor, Mrs. Daniels. Because there is no policy concerning this activity, Plaintiff believes Mrs. Daniels' actions were in retaliation for Mr. Daniels' conduct toward Plaintiff.  On August 12, 2002, Plaintiff complained to the GLM Board of Directors about Mr. Daniels' harassment.  On August 14, 2002, Mr. Daniels fired Plaintiff.

Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") on October 8, 2002, alleging harassment and retaliatory termination based upon her sex.  She received a "right to sue" letter on March 21, 2005.  In her present complaint, she alleges sex and religious discrimination and retaliation.

Defendants argue that this Court lacks subject matter jurisdiction. Defendants also argue that even if there is subject matter jurisdiction, Mr. and Mrs. Daniels and the GLM Board of Directors cannot be held personally liable under Title VII.

Standard of Review

Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the lawsuit.  The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence.  Hedgepath v. Kentucky, 215 F.3d 608, 611 (6th Cir. 2000). When considering a motion that questions the factual existence of jurisdiction, as Defendants do here,  no presumption of truthfulness applies to the factual allegations in the pleadings.  Ohio

Nat'l Life Ins. Co. v. United States, 922 F. 2d 320, 325 (6th Cir. 1990). The court may resolve factual disputes, id., and review affidavits, documents or other evidence without turning the motion into one for summary judgment. Rapier v. Union City Non-Ferrous, Inc., 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002).

A motion under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. Barrett v. Harrington, 130 F. 3d 246, 251 (6th Cir. 1997). The court must accept as true all factual allegations in the complaint, must resolve any ambiguities in the plaintiff's favor, Ziegler v. IBP Hog Market, 249 F. 3d 509, 511-512 (6th Cir. 2001), and must construe all reasonable inferences in favor of the plaintiff. Miller v. Currie, 50 F. 3d 373, 377 (6th Cir. 1995). The court need not accept as true legal conclusions or unwarranted factual inferences. Perry v. American Tobacco Co., 324 F.3d 845, 848 (6th Cir.2003). A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984). When ruling on a motion to dismiss under Rule 12(b)(6), the court is confined to reviewing the complaint to determine whether the plaintiff has stated a claim, and may not consider matters outside the pleadings. See e.g., Amini v. Oberlin Coll., 259 F. 3d 493, 502 (6th Cir. 2001).

## Discussion

"[T]he threshold question in every federal case is whether the court has the judicial power to entertain the suit." Nat'l Rifle Ass'n of America v. Magaw, 132 F. 3d 272, 279 (6th Cir. 1997). Accordingly, the Court will first address the Defendants' jurisdictional challenge under Rule 12(b)(1).

3

The enforcement provisions of Title VII permit civil actions against an "employer, employment agency, organization, or joint labor-management committee . . . . " 42 U.S.C. § 2000e-5(b).  An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 § U.S.C. 2000e(b).   It is well established that where a defendant does not employ the necessary number of employees to be considered an "employer" under the statute, federal subject matter does not exist.  Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604, 607-08 (6th Cir. 1998)(citations omitted).

Defendants submitted the sworn affidavit of Mr. Daniels in which he avers that at all relevant times, GLM employed a work force of fewer than 10 employees.  Attached to Mr. Daniels' affidavit are GLM's payroll records for 2001, 2002 and 2003, which are consistent with Mr. Daniels' statements in his affidavit.

In her unsworn response, Plaintiff argues that Mr. Daniels' affidavit and the attached documents are inaccurate, as she knows other individuals who worked full-time at GLM during the relevant period but who were paid in cash. She claims that including these employees in the GLM workforce would increase the number of employees to more than fifteen. She attached a list entitled "Forgotten Employees," that includes 22 names, approximately half of which are first names only. The list does not include dates or period of employment for these 22 individuals. Plaintiff raises particular concerns about the failure to show "Marten Vegter" as an employee, contending that Martin Vegter was a Board Member and Plaintiff's supervisor.

Mr. Daniels submitted a second sworn affidavit in which he avers that Marten Vegter, a Certified Public Accountant, is an independent contractor and GLM is merely one of his clients. Further, none of the other names listed by Plaintiff as "Forgotten Employees" were ever employees of GLM, although many of the named individuals participated in GLM's substance abuse program, SAVE (Spiritually Accountable, Vocationally Equipped).

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." Nichols v. Muskingum Coll., 318 F. 3d 674, 677 (6th Cir. 2003) (citing Rogers v. Stratton Indus., 798 F. 2d 913, 916 (6th Cir. 1996). If jurisdiction is challenged, the Plaintiff must support the jurisdictional allegations with competent proof. Title 28 U.S.C. § 1746 provides that when "any matter is required or permitted to be supported . . . by a sworn declaration . . . or affidavit . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . or statement, in writing of such person which is subscribed by him, as true under penalty of perjury . . . ." Courts should not consider unsworn or uncertified documents and unsworn statements. Moore v. Holbrook, 2 F. 3d 697, 699 (6th Cir. 1993); Dole v. Elliot Travel & Tours, 942 F. 2d 962, 968 (6th Cir. 1991). Here, Plaintiff did not submit a sworn declaration or affidavit, and the statements made in her brief were not made "under penalty of perjury." Moreover, Plaintiff did not respond with any admissible evidence to refute Mr. Daniels' averments. Accordingly, Plaintiff's mere unsupported allegations in her response are not competent evidence that would disprove, or call into question, Mr. Daniels' sworn statements.

Because the evidence shows that GLM is not an employer within the meaning of Title VII, this Court lacks subject matter jurisdiction and the case must be dismissed.[1]

Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' 12(b) Motion to Dismiss (Dkt. #8) pursuant to Federal Rule of Civil Procedure 12(b)(1).

So ordered this 31st day of October, 2005.

      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

[1] The Court notes that even if subject matter jurisdiction existed, Plaintiff could not maintain this suit against Mr.or Mrs. Daniels, or the GLM Board of Directors.  In Wathen v. General Electric Co., 115 F. 3d 400 (6th Cir. 1997), the Court held that Title VII does not create personal liability for supervisors or employees. Id. at 406. Although the conduct of an employer's agent creates respondeat superior liability for the employer, unless the agent also qualifies under the statute as an employer, the agent cannot be held individually liable.